UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARY HILLS,

        Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
_____/

Hon. Ellen S. Carmody

Case No. 1:16-CV-350

## **OPINION**

        This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) under Title II of the Social Security Act. The parties agreed to proceed in this Court for all further proceedings, including an order of final judgment. (ECF No. 9). Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence it shall be conclusive. The Commissioner has found that Plaintiff is not disabled within the meaning of the Act. For the reasons stated below, the Court concludes that the Commissioner's decision is not supported by substantial evidence. Accordingly, the Commissioner's decision is **vacated and this matter remanded for further factual findings pursuant to sentence four of 42 U.S.C. § 405(g)**.

**STANDARD OF REVIEW**

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health and Human Services*, 889 F.2d 679, 681 (6th Cir. 1989).

The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Dep't of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Services*, 735 F.2d 962, 963 (6th Cir. 1984).

As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). This

standard affords to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## PROCEDURAL POSTURE

Plaintiff was 47 years of age on her alleged disability onset date. (PageID.186). She successfully completed high school and worked previously as an auto mechanic helper, cashier, and audit clerk. (PageID.55). Plaintiff applied for benefits on May 16, 2013, alleging that she had been disabled since January 18, 2013, due to fibromyalgia, degenerative bone disease, osteoarthritis, nerve damage, neck pain, headaches, left foot pain, fatigue, stress, and anxiety. (PageID.186-87, 203). Plaintiff's application was denied, after which time she requested a hearing before an Administrative Law Judge (ALJ). (PageID.107-84). On December 17, 2014, Plaintiff appeared before ALJ Nicholas Ohanesian with testimony being offered by Plaintiff and a vocational expert. (PageID63-105). In a written decision dated January 30, 2015, the ALJ determined that Plaintiff was not disabled. (PageID.46-57). The Appeals Council declined to review the ALJ's determination, rendering it the Commissioner's final decision in the matter. (PageID.28-32). Plaintiff subsequently initiated this pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

## ANALYSIS OF THE ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1] If the Commissioner can make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining her residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and she can satisfy her burden by demonstrating that her impairments are so severe that she is unable to perform her previous work, and cannot, considering her age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528. While the burden of proof shifts to the Commissioner at step five of the sequential evaluation process, Plaintiff bears the burden of proof through step four of the procedure, the point at which her residual functioning capacity (RFC)

---

[1] 1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b), 416.920(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. §§ 404.1520(c), 416.920(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors. (20 C.F.R. §§ 404.1520(d), 416.920(d));

4. If an individual is capable of performing her past relevant work, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e), 416.920(e));

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. §§ 404.1520(f), 416.920(f)).

is determined. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997).

The ALJ determined that Plaintiff suffers from: (1) degenerative disc disorder; (2) bone fractures of the foot; (3) migraine headaches; (4) fibromyalgia including joint pain; (5) cardiopulmonary disease including asthma; and (6) affective disorders, severe impairments that whether considered alone or in combination with other impairments, failed to satisfy the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (PageID.48-50). With respect to Plaintiff's residual functional capacity, the ALJ found that Plaintiff retained the capacity to perform sedentary work subject to the following limitations: (1) she can occasionally climb ramps or stairs, but can never climb ladders, ropes, or scaffolds; (2) she can occasionally balance, stoop, and kneel, but can never crouch or crawl; (3) she requires the ability to alternate between sitting and standing every 30 minutes for 1-2 minutes at a time; and (4) she is limited to simple, routine, repetitive tasks. (PageID.50).

The ALJ found that Plaintiff cannot perform her past relevant work at which point the burden of proof shifted to the Commissioner to establish by substantial evidence that a significant number of jobs exist in the national economy which Plaintiff could perform, her limitations notwithstanding. *See Richardson*, 735 F.2d at 964. While the ALJ is not required to question a vocational expert on this issue, "a finding supported by substantial evidence that a claimant has the vocational qualifications to perform <u>specific</u> jobs" is needed to meet the burden. *O'Banner v. Sec'y of Health and Human Services*, 587 F.2d 321, 323 (6th Cir. 1978) (emphasis added). This standard requires more than mere intuition or conjecture by the ALJ that the claimant can perform specific jobs in the national economy. *See Richardson*, 735 F.2d at 964. Accordingly,

5

ALJs routinely question vocational experts in an attempt to determine whether there exist a significant number of jobs which a particular claimant can perform, her limitations notwithstanding. Such was the case here, as the ALJ questioned a vocational expert.

The vocational expert testified that there existed approximately 4,500 jobs in the state of Michigan, and approximately 157,000 nationwide, which an individual with Plaintiff's RFC could perform, such limitations notwithstanding. (PageID.91-102). This represents a significant number of jobs. *See Born v. Sec'y of Health and Human Services*, 923 F.2d 1168, 1174 (6th Cir. 1990); *Hall v. Bowen*, 837 F.2d 272, 274 (6th Cir. 1988); *Martin v. Commissioner of Social Security*, 170 Fed. Appx. 369, 374 (6th Cir., Mar. 1, 2006). The ALJ concluded, therefore, that Plaintiff was not entitled to disability benefits.

I.        **The ALJ Failed to Properly Evaluate the Opinion Evidence**

Plaintiff's treating physician, Dr. Lynda Hulst, reported that Plaintiff, vis-a-vis her ability to perform work activities, was more limited than the ALJ recognized. (PageID.403-06). The ALJ afforded only "limited weight" to Dr. Hulst's opinions. (PageID.54). Plaintiff asserts that she is entitled to relief because the ALJ failed to articulate sufficient reasons for discounting the opinions of her treating physician. The Court agrees.

The treating physician doctrine recognizes that medical professionals who have a long history of caring for a claimant and his maladies generally possess significant insight into her medical condition. *See Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994). An ALJ must, therefore, give controlling weight to the opinion of a treating source if: (1) the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and (2) the opinion

"is not inconsistent with the other substantial evidence in the case record." *Gayheart v. Commissioner of Social Security*, 710 F.3d 365, 375-76 (6th Cir. 2013) (quoting 20 C.F.R. § 404.1527).

Such deference is appropriate, however, only where the particular opinion "is based upon sufficient medical data." *Miller v. Sec'y of Health and Human Services*, 1991 WL 229979 at *2 (6th Cir., Nov. 7, 1991) (citing *Shavers v. Sec'y of Health and Human Services*, 839 F.2d 232, 235 n.1 (6th Cir. 1987)). The ALJ may reject the opinion of a treating physician where such is unsupported by the medical record, merely states a conclusion, or is contradicted by substantial medical evidence. *See Cohen*, 964 F.2d at 528; *Miller v. Sec'y of Health and Human Services*, 1991 WL 229979 at *2 (6th Cir., Nov. 7, 1991) (citing *Shavers v. Sec'y of Health and Human Services*, 839 F.2d 232, 235 n.1 (6th Cir. 1987)); *Cutlip v. Sec'y of Health and Human Services*, 25 F.3d 284, 286-87 (6th Cir. 1994).

If an ALJ accords less than controlling weight to a treating source's opinion, the ALJ must "give good reasons" for doing so. *Gayheart*, 710 F.3d at 376. Such reasons must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." This requirement "ensures that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule." *Id.* (quoting *Wilson v. Commissioner of Social Security*, 378 F.3d 541, 544 (6th Cir. 2004)). Simply stating that the physician's opinions "are not well-supported by any objective findings and are inconsistent with other credible evidence" is, without more, too "ambiguous" to permit meaningful review of the ALJ's assessment. *Gayheart*, 710 F.3d at 376-77.

If the ALJ affords less than controlling weight to a treating physician's opinion, the ALJ must still determine the weight to be afforded such. *Id.* at 376. In doing so, the ALJ must consider the following factors: (1) length of the treatment relationship and frequency of the examination, (2) nature and extent of the treatment relationship, (3) supportability of the opinion, (4) consistency of the opinion with the record as a whole, (5) the specialization of the treating source, and (6) other relevant factors. *Id.* (citing 20 C.F.R. § 404.1527). While the ALJ is not required to explicitly discuss each of these factors, the record must nevertheless reflect that the ALJ considered those factors relevant to his assessment. *See, e.g., Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007); *Undheim v. Barnhart*, 214 Fed. Appx. 448, 450 (5th Cir., Jan. 19, 2007).

With respect to Plaintiff's ability to perform work activities, Dr. Hulst reported that Plaintiff: (1) can lift/carry less than 10 pounds, but can only do so occasionally; (2) needs to take unscheduled breaks throughout the workday because of her inability to sit or stand for prolonged periods of time; and (3) must be able to sit or stand at will. (PageID.403-06). These opinions are inconsistent with the ALJ's RFC determination. The ALJ offered two rationales for discounting Dr. Hulst's opinions: (1) the doctor's opinions were based on Plaintiff's subjective pain complaints; and (2) Dr. Hulst's opinion is inconsistent with Dr. Hilleson's opinion. Neither of these reasons survive scrutiny.

Dr. Hulst did not suggest that her opinions were premised upon Plaintiff's subjective complaints. Moreover, a review of the doctor's treatment records indicates that she regularly examined Plaintiff and reported findings consistent with her subsequent opinion and contrary to the ALJ's RFC assessment. (PageID.313-29, 359-77). The record also contains the results of several objective assessments which lend support to Dr. Hulst's opinion. (PageID.303-07, 329-33). Thus,

the ALJ's unsubstantiated conclusion that Dr. Hulst's opinion was premised on Plaintiff's subjective allegations is not supported by substantial evidence.

As for the ALJ's assertion that Dr. Hulst's opinions are "inconsistent with the well-supported examining opinion of Dr. Hillelson," the Court finds that this unexplained conclusion does not constitute a sufficient basis for discounting Dr. Hulst's opinions. Dr. Hillelson examined Plaintiff on a single occasion and concluded that Plaintiff experienced the following limitations: (1) she was limited to sedentary work; (2) she must be able to change positions every 30 minutes; (3) she can stand for 2-4 hours daily; (4) she can lift 20 pounds; (5) she can bend, stoop, and climb stairs on a non-repetitive basis; (6) she cannot squat; and (7) she can use her hands to perform fine and gross motor activities. (PageID.338-42).

The Court first notes that Dr. Hillelson's opinion is inherently inconsistent in that the doctor, on the one hand, limits Plaintiff to sedentary work while, on the other hand, concluding that Plaintiff can stand 2-4 hours daily and lift up to 20 pounds. The ALJ nevertheless afforded "great weight" to Dr. Hillelson's opinion despite such contradictions and adopted an RFC only partially consistent with Dr. Hillelson's conclusions. The ALJ, however, offers no explanation for his decision to craft an RFC which is inconsistent with a medical opinion to which he afforded "great weight." The ALJ rejected, without explanation or analysis, Dr. Hulst's opinion on the ground that such was inconsistent with Dr. Hillelson's opinion. To reject Dr. Hulst's opinion on this ground, without further explanation, is unpersuasive given that the same can be said for the ALJ's RFC assessment. Stated differently, that Dr. Hulst's opinion is not entirely consistent with the opinion of a one-time examiner whose opinion the ALJ in large part rejected, without explanation, cannot constitute substantial evidence to discount the well-supported opinion of Plaintiff's treating

9

physician. Accordingly, the Court finds that the ALJ has failed to articulate good reasons for discounting Dr. Hulst's opinions.

### II.      Remand is Appropriate

While the Court finds that the ALJ's decision fails to comply with the relevant legal standards, Plaintiff can be awarded benefits only if "all essential factual issues have been resolved" and "the record adequately establishes [his] entitlement to benefits." *Faucher v. Secretary of Health and Human Serv's*, 17 F.3d 171, 176 (6th Cir. 1994); *see also*, *Brooks v. Commissioner of Social Security*, 531 Fed. Appx. 636, 644 (6th Cir., Aug. 6, 2013). This latter requirement is satisfied "where the proof of disability is overwhelming or where proof of disability is strong and evidence to the contrary is lacking." *Faucher*, 17 F.3d at 176; *see also*, *Brooks*, 531 Fed. Appx. at 644.

The record fails to establish that Plaintiff is entitled to an award of benefits. There does not exist overwhelming evidence that Plaintiff is disabled. Moreover, resolution of Plaintiff's claim requires the resolution of factual disputes which this Court is neither authorized nor competent to undertake in the first instance. Accordingly, this matter must be remanded for further administrative action.

**CONCLUSION**

For the reasons articulated herein, the Court concludes that the ALJ's decision is not supported by substantial evidence. Accordingly, the Commissioner's decision is **vacated and the matter remanded for further factual findings pursuant to sentence four of 42 U.S.C. § 405(g)**. A judgment consistent with this opinion will enter.


Date:  March 9, 2017                                         /s/ Ellen S. Carmody
                                                                                  ELLEN S. CARMODY
                                                                                 United States Magistrate Judge